JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACHELLA MUSIC FESTIVAL, LLC and GOLDEN VOICE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>COACHILLIN HOLDINGS, LLC, KENNETH DICKERSON, COACHILLIN BREWHOUSE LLC, COACHILLIN BRANDS LLC, COACHILLIN HOSPITALITY CORPORATION LLC, AND COACHILL-INN LLC,<br><br>Defendants. | Case No. 5:22-cv-01882-SVW (SPx)<br><br>**STIPULATED ORDER ENTERING PERMANENT INJUNCTION AND FINAL JUDGMENT**<br><br>Hon. Stephen V. Wilson |

The Court, having read and considered the stipulation of the parties and the record in this case, on this 28th day of February 2024, it is ORDERED that the stipulation is GRANTED.

IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the parties and the subject matter of the above-captioned action ("Action").

2. Plaintiffs own and operate the Coachella Valley Music and Arts Festival (the "Coachella Festival").

3. Plaintiffs own and have asserted in this Action, the following trademarks

and service marks, which are used in connection with various Plaintiff offerings: COACHELLA VALLEY MUSIC AND ARTS FESTIVAL trademarks and service marks; COACHELLA trademarks and service marks; the COACHELLA (design) trademarks and service marks; and CHELLA trademarks and service marks (collectively, "Plaintiffs' Marks").

4. Plaintiffs' Marks are valid and enforceable.

5. Without Plaintiffs' authorization, Defendants Coachillin Holdings, LLC, Kenneth Dickerson, the now dissolved entity Coachillin Brewhouse LLC, Entertainment Hospitality Corporation (fka Coachillin Hospitality Corporation LLC), and the now dissolved entity Coachill-Inn LLC (collectively, "Defendants") adopted and began using the marks, or intended to adopt and use the marks, COACHILLIN, COACHILLIN', COACHILL-INN, and other similar variations[1] (collectively, the "COACHILLIN Marks") in connection with an agricultural cultivation business park, merchandise business, hotel business, and entertainment complex as well as associated apparel and similar goods;

6. Defendants' use and/or intended use of the COACHILLIN Marks is likely to cause confusion, mistake, and to deceive the relevant consuming public as to the source of Defendants' services.

7. As a direct result of Defendants' use of the COACHILLIN Marks, Plaintiffs have sustained substantial, immediate, and irreparable injury, and are entitled to a permanent injunction.

8. It is further ORDERED that Defendants, as well as their officers, agents, servants, employees, and attorneys, as well as all other persons or entities who are in active concert or participation with them and who have received actual notice of this order, SHALL:

---

[1] These variations include COACHILL_INN, COACHILL INN, and COACHILLIN RESORT, among others, as well as uses of the various marks in conjunction with various design elements.

       a. Within 90 days, cease any and all use of Plaintiffs' Marks or any designation that is confusingly similar to any Plaintiffs' Marks (including but not limited to the COACHILLIN Marks);

       b. Within 45 days, cease and all use of the COACHILLIN Marks for any online display names, usernames, account handles, custom URLs, page or account descriptions, and images), social media pages (including page titles, custom URLs, descriptions, and images, as well as any and all other user account or online location, whether visible or invisible, public or non-public), webpage, meta data, online advertisements, or similar online use; and

       c. Not assist, aid, or abet any other person or entity in engaging in or performing any of the activities restricted by sub-paragraphs (a)-(b), above.

9. It is further ORDERED that final judgement is entered for Plaintiffs.

10. All relief not expressly granted herein is DENIED.

11. Each party shall bear its own costs, expenses, and attorneys' fees.

12. This Court shall retain jurisdiction to the extent necessary to enforce this Permanent Injunction.

IT IS SO ORDERED.

_____
Stephen V. Wilson
United States District Judge